PER CURIAM.
On 11 September 1972 petitioner filed herein a petition for writ of prohibition. Pursuant to the speedy trial rule, the relief sought is the prohibition of a trial in the Criminal Court of Record' for Orange County, Florida, which was scheduled to commence on 18 September 1972. This court issued a rule nisi on IS September 1972, and the Honorable Peter M. de-Manio, Judge, filed a return.
On 7 October 1970 Petitioner Smith was arrested by the Sarasota Police Department on a warrant issued in that county for an offense allegedly committed there. Smith subsequently confessed not only to an offense in Sarasota County, but also to crimes in Pinellas and Orange Counties. The Sarasota Police Department notified the authorities in Pinellas and Orange Counties that petitioner had confessed. Based on this information, warrants were issued for petitioner by the County Judge’s Court of Orange County on 8 October 1970. These warrants were intended to serve as a detainer. That is, if petitioner had been able to make bail for the Sarasota and Pinellas County offenses, the petitioner would have been arrested for the offenses committed in Orange County and would have been, forced to make bail for the Orange County charges or face confinement in Orange County.
On 16 July 1971 an information was filed in Orange County charging the petitioner with the offenses allegedly committed there. On 2 December 1971 petitioner was brought to trial in Pinellas County, convicted, and sentenced to life in prison. In March of 1972 he was tried for the Sarasota offenses. Finally on 26 May 1972 the Orange County warrants were *824 served on petitioner, and he was transmitted to the Orange County jail for trial on the Orange County offenses. The trial date was set as aforementioned on 18 September 1972. Petitioner then moved for a discharge from the Orange County charges pursuant to the speedy trial rule.
Petitioner offers two basic arguments. First he urges that he should be discharged pursuant to Rule 3.191(a)(1), 33 F.S.A. which provides:
“Speedy Trial Without Demand. Except as otherwise provided by this Rule, every person charged with a crime, by indictment or information or trial affidavit, shall without demand be brought to trial within 180 days if the crime charged be a felony, capital or noncapi-tal, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The tim.e periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged . . (Emphasis added.)
Because the Orange County warrants had issued when he was in jail in Sarasota County for the offenses there, petitioner contends the speedy trial period should be measured from the time of his initial confinement there, i. e., 7 October 1970. We disagree. Until 26 May 1972 he was never “in custody” by reason of and for the purpose of answering the charges filed in Orange County. Thus we hold the speedy trial period did not begin to run as to the Orange County charges until that date. The period of 180 days had not elapsed by the time of the Orange County trial date of 18 September 1972; therefore, the trial judge correctly denied the motion for discharge.
Petitioner also contends that he should be released- under Rule 3.191 (i) (1 — 2), CrPR. That section of the rule provides:
“Schedule. (1) This rule shall be effective and govern the trial dates of all persons taken into custody after 12:01 a.m. on March 1, 1971
“(2) The trial of all persons taken into custody prior to the effective date of this rule shall commence on or before September 27, 1971. . . .” (Emphasis added.)
What we have said above as to when the petitioner was “taken into custody” answers this contention.
The rule nisi is discharged and the writ of prohibition is denied.
REED, C. J., and OWEN and MAGER, JJ., concur.